IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-03312-PAB

MILLER MILAN ARRIOJA BLANCO,

 Petitioner,

v.

GEORGE VALDEZ, Field Officer Director of Enforcement and Removal Operations,
Denver Field Office, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,
U.S. DEPARTMENT OF HOMELAND SECURITY,
TODD BLANCHE, Acting U.S. Attorney General,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and
JUAN BALTAZAR, Warden of Aurora ICE Processing Center,

 Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Miller Milan Arrioja Blanco's

Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief

[Docket No. 1]. Respondents filed a response. Docket No. 8.

## I. BACKGROUND[1]

Petitioner is a citizen of Venezuela who entered the United States without

inspection on August 23, 2023. Docket No. 1 at 2, ¶ 3. After his entry into the United

States, petitioner was issued a Notice to Appear and was charged with being

inadmissible. *Id.* at 12, ¶ 43. On July 13, 2026, petitioner was arrested without a

---

[1] The following facts are undisputed unless otherwise noted.

warrant by agents contracted by the Department of Homeland Security ("DHS"). *Id.* at 12, ¶ 44.

On July 22, 2026, petitioner filed a petition for habeas corpus. *See generally id.* Petitioner brings claims for multiple violations of the Immigration and Nationality Act ("INA"), *id.* at 12-20, ¶¶ 47-78, and argues that his warrantless arrest violates *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209 (D. Colo. 2025). *Id.* at 2-3, 12, ¶¶ 5, 44. On August 6, 2026, respondents filed a response stating that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief." Docket No. 8 at 1-2.

## II. ANALYSIS

Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a). Docket No. 1 at 19, ¶ 73. In *Santillan Quiroz v. Mullin*, --- F.4th ----, 2026 WL 1876709, at *16 (10th Cir. June 30, 2026), the Tenth Circuit held that 8 U.S.C. § 1226(a) governs the detention of noncitizens, like petitioner, who are undergoing removal proceedings and are detained in the interior of the United States. Respondents do not dispute that petitioner's detention is governed by § 1226(a). *See generally* Docket No. 8. Thus, the Court finds that petitioner is detained under § 1226(a).

Title 8 U.S.C. § 1226(a) provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."[2] 8 U.S.C. § 1226(a) (emphasis added). Petitioner asserts that he was arrested without a warrant. Docket No. 1 at 2-3, 12, ¶¶ 5,

---

[2] The type of warrant issued by immigration officers is known as Form I-200. *Ramirez Ovando*, 810 F. Supp. 3d at 1216.

44.  Respondents do not dispute petitioner's assertion that he was arrested without a warrant.  *See generally* Docket No. 8.  Therefore, the Court finds that petitioner was arrested without a warrant.

There are exceptions to § 1226(a)'s warrant requirement.  Pursuant to § 1357(a)(2), immigration officials may arrest a noncitizen without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2).  Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,
>
> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5).  "Courts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context."  *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases).

Respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357.  *See generally* Docket No. 8.  Accordingly, the Court finds that respondents lacked statutory authority

3

to arrest petitioner, and petitioner's detention is thus unlawful.  *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondents lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that respondents' warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest") (alteration, internal quotation, and citation omitted).

Where respondents have failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found the appropriate remedy is to order the non-citizen's release.  *See, e.g.*, *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's released based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant,* 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted sub nom.*, 2026 WL 1452463 (W.D. Okla. May 22, 2026). "[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued

4

detention is unlawful and release is the only permissible remedy." *Morelos Valdovinos* 2026 WL 948285, at *7.  Accordingly, the Court will order petitioner's release.[3]

## III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Miller Milan Arrioja Blanco's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order.  It is further

**ORDERED** that the parties shall file a status report confirming that petitioner has been released from custody within **four days** of the issuance of this order.

DATED August 6, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[3] Because the Court will order petitioner's release on the basis of the warrantless arrest, it will not reach petitioner's other claims for relief.